JUDGE ABRAMS

UNITED STATES DISTRICT COURT FOR THE
SOUTHRN DISTRICT OF NEW YORK

14 CV 6088

PETER MALIARAKIS,

                    Plaintiff,

    -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION; NAMITA DWARKA, PRINCIPAL
OF WILLIAM CULLEN BRYANT HIGH
SCHOOL, IN HER OFFICIAL AND INDIVIDUAL
CAPACITY, GUY YACOVONE, ASSISTANT
PRINCIPAL OF WILLIAM CULLEN BRYANT
HIGH SCHOOL, IN HIS OFFICIAL AND
INDIVIDUAL CAPACITY,

                    Defendants.

COMPLAINT

ECF CASE

14 CV

JURY TRIAL DEMANDED

RECEIVED
AUG 05 2014
U.S.D.C. S.D.N.Y.
CASHIERS

    Plaintiff PETER MALIARAKIS, by his attorneys, GLASS KRAKOWER LLP, as and for his Complaint against Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

    1.    Plaintiff brings this action seeking monetary and equitable relief based upon Defendants' violations of 42 U.S.C. Section 1983 and New York Civil Service Law Section 75-b (hereinafter "CLS § 75-b") as a result of maltreatment and retaliatory actions taken against him as a teacher employed by Defendants since reporting school administrators, including his school principal at William Cullen Bryant High School, Namita Dwarka, for various allegations of fraud and misconduct at the school, including illegal grade changing of student grades by the school principal.

2. Plaintiff seeks economic and compensatory damages and punitive damages to the extent allowable by law, and other appropriate legal and equitable relief pursuant to federal, state, and city law.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 1331 as this matter involves federal questions.

4. This action's venue properly lies in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391, because the headquarters of the NYCDOE is located at 52 Chambers Street, New York, NY 10007.

5. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6. This Court has supplemental jurisdiction over Plaintiff's state and city law claims under 28 U.S.C. § 1367(a).

7. Plaintiff previously served a Written Verified Notice of Claim on Defendants regarding his state and city law claims, which has not yet been adjusted to date.

## PARTIES

8. Plaintiff is a resident of the County of Westchester and the State of New York.

9. At all times relevant herein, Plaintiff was a "public employee" of Defendants within the meaning of New York State Civil Service Law § 75-b(1)(b).

10. At all times relevant herein, Defendant New York City Department of Education ("NYCDOE") was a "public employer" within the meaning of New York State Civil Service Law § 75-b(1)(a).

11. At all times relevant herein, Defendant Namita Dwarka was the principal of W.C. Bryant High School, a school within the New York City Department of Education.

12. At all times relevant herein, Defendant Guy Yacovone was the assistant principal of organization at W.C. Bryant High School, a school within the New York City Department of Education

## STATEMENT OF FACTS

13. From 2003 until June 2013, Plaintiff had been a consistently Satisfactory physical education teacher with the NYCDOE, with Satisfactory ratings every year.

14. Principal Namita Dwarka became school principal in the 2011-12 school year.

15. Principal Dwarka rated Plaintiff Satisfactory in the 2011-12 school year.

16. On or about February 6, 2013, Plaintiff was asked by Principal Dwarka if he had any interest in doing administrative work at the school.

17. On or about June 7, 2013, Plaintiff was called into a meeting by the NYCDOE's Office of Special Investigation (OSI) concerning the conduct of the school principal Dwarka and a grade-changing scandal at the school. During the meeting, Plaintiff told the OSI investigator that he feared retaliation by the school principal if he spoke with the investigator about the principal's alleged misconduct.. The investigator said "she can't do that. That's illegal."

18. At the same meeting, based on the OSI investigator's assurances, Plaintiff told the OSI investigator that the school principal intimidated staff to change grades so that the school's graduation rate would be inflated. Plaintiff also provided information about an illegal extra credit packet that teachers were demanded to supply to their students, and gave

3

the OSI investigator names of other teachers who would have information about the grade changing.

19. Almost immediately after exposing these fraudulent activities at the school, Plaintiff suddenly began facing a hostile work environment at the school from Principal Dwarka and the school administration

20. After his report to the OSI investigator, the school administration retaliated against Plaintiff as early as June 10, 2013. Specifically, the school's Assistant Principal for Organization Guy Yacovone told Plaintiff he would receive his first ever Unsatisfactory rating for the year, and would reverse it to a Satisfactory if he left the school. Yacovone stated at that time, "It's not about your teaching. You're one of the people that rubs the principal the wrong way. Anyways, why would you want to work in a school where you are not wanted?"

21. On the same day, after his conversation with AP Yacovone, Plaintiff also received his one and only Unsatisfactory observation for the year on June 10, 2013. Plaintiff also received two petty and unwarranted disciplinary letters to file from the school administration on June 11 and June 12, 2013.

22. After Plaintiff received the Unsatisfactory observation and two disciplinary letters, Plaintiff contacted the OSI investigator to alert her about the retaliation from administration after speaking with her. As a result, the OSI investigator initiated a whistleblower retaliation case with the Special Commissioner of Investigation ("SCI") based on the retaliation he was facing at the school. This SCI investigation based on the administration's retaliation was initiated on June 17, 2013.

23. On June 21, 2013, Plaintiff received the first Unsatisfactory annual rating ("U rating") of his career for the 2012-13 school year. This Unsatisfactory annual rating immediately disqualified him from his ability to work summer school and coaching positions as of August 2013, as well as per session boot camp, credit recovery, chaperoning, and class coverages. Plaintiff also lost his soccer coaching position for the summer of 2013 as a result of the U rating.

24. Over the summer of 2013, and the following 2013-14 school year when he did not leave the school, Plaintiff continued to receive a barrage of disciplinary letters from school administration, including on July 1, 2013, and then on September 18, 2013, October 16, 2013, and October 22, 2013, and January 13, 2014. Plaintiff was being singled out for disciplinary actions and held to a different standard than other teachers.

25. By letter from SCI Special Counsel Daniel Schlachet, dated November 15, 2013, Plaintiff received SCI's final report, concluding that Plaintiff did not qualify for whistleblower protection. In that report, SCI Special Counsel Mr. Schlachet *falsely* reported that Plaintiff had received a U annual rating during the 2011-12 school year (prior to making his report in June 2013, which is inaccurate and blatantly false), and further that he had received "numerous disciplinary letters" in 2011-12, prior to June 2013 (also which is inaccurate and blatantly false).

26. On February 12, 2014, Plaintiff was also asked by Principal Dwarka to sign up for PIP Plus regarding his teaching performance, which was not appropriate since he never received an unsatisfactory rating for improper instruction.

27. Plaintiff also received a "Developing" rating overall under the NYCDOE's new rating system for the 2013-14 school year, and also was placed on a log of assistance

even though there had been no prior issues with his teaching performance. The "Developing" rating exposes him to potential Section 3020-a disciplinary charges based on performance.

28. To date, Plaintiff has lost, *inter alia,* per session work, coaching positions, chaperoning, credit recovery, boot camp, and promotional advancement opportunities.

## FIRST CLAIM FOR RELIEF
## RETALIATION AGAINST PLAINTIFF FOR EXERCISING FREEDOM OF SPEECH IN VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS

29. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

30. While acting under color of State Law, Defendants violated Plaintiff's First Amendment rights by retaliating against him for exercising his freedom of speech as a citizen with regard to matters of public concern by being an informant and/or reporting of unethical practices regarding improper grade changing, in the form, *inter alia*, of school administration placing unwarranted disciplinary letters in his personnel file, issuing Plaintiff unwarranted unsatisfactory observations, terminating his per session and coaching work opportunities, and threatening his job security.

31. As a proximate result of Defendants' retaliatory actions against Plaintiff, Plaintiff has suffered and continues to suffer a loss of past and future income, monetary damages, humiliation, severe emotional distress, mental and physical anguish and suffering, and damage to his professional reputation, in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
## RETALIATION IN VIOLATION OF
## NEW YORK STATE CIVIL SERVICE LAW § 75-B

32. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs, as if fully set forth herein.

33. Plaintiff reported violations about federal, city and state law violations by the school administration regarding unethical practices regarding grading issues, and thereby engaged in a protected activity as defined in New York Civil Service Law § 75-b(2)(a).

34. Defendants had notice that Plaintiff participated in such protected activities.

35. Defendants retaliated against Plaintiff by engaging in adverse "personnel actions" as defined by New York Civil Service Law § 75-b(1)(d). Specifically, Defendants subjected Plaintiff to a retaliatory hostile work environment, including but not limited to: placing unwarranted disciplinary letters in his file, depriving him of per session and coaching opportunities, duties, and otherwise threatening his livelihood and job security.

36. As a proximate result of Defendants' retaliatory actions against Plaintiff, Plaintiff has suffered and continues to suffer a loss of past and future income, monetary damages, humiliation, severe emotional distress, mental and physical anguish and suffering, and damage to his professional reputation, in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
(Intentional and/or Negligent Infliction of Emotional Distress)

37. Plaintiff repeats and realleges each and every allegation contained above,

inclusive, with the same force and effect as if more fully set forth herein.

38. Each and every defendant did, without justification, intentionally harm the Plaintiff by playing a part in seeking to wrongfully terminate him from his employment, and some did harm the Plaintiff by damaging his ability to subsequently be hired in any and all districts within the NYCDOE, thereby causing him intentional and/or negligent infliction of emotional distress.

39. As a result of the foregoing, Plaintiff did suffer damages in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
### (Defamation and Libel)

40. While and after Plaintiff was employed by Defendant NYCDOE, Defendants, did, in statements and in writing, with malice aforethought, disseminate about the Plaintiff false personal and professional information, with knowledge of its falsity or with reckless disregard of its falsity.

41. These statements and writings have, in a variety of ways both professional and personal, damaged Plaintiff in the past, the present, and in perpetuity.

42. As a result of the foregoing, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial.

### JURY DEMAND

43. Plaintiff hereby demands a trial by Jury.

## PRAYER/DEMAND FOR RELIEF

WHEREFORE, Plaintiff demands judgment in its favor against Defendants as follows:

 a. Judgment declaring that Defendants acts violated Plaintiff's rights as secured by federal, state and city law prohibiting retaliation in employment;

 b. Enjoining defendants from any further acts adversely affecting the terms and conditions of Plaintiff's employment including his compensation and privileges;

 c. Compensatory damages to compensate Plaintiff for economic loss, damage to name, profession, career and reputation, pain and suffering, emotional distress and mental anguish, embarrassment, indignity, and dislocation, in an amount to be determined at trial;

 d. Punitive damages against one or all of the Defendants;

 e. Statutory attorneys' fees, interest, costs, and disbursements, and

 f. For such other and further legal, equitable or other relief as the Court deems just and proper.

DATED:    New York, New York
          July 24, 2014

                            GLASS KRAKOWER LLP
                            100 Church Street, 8th Floor
                            New York, NY 10007
                            (212) 537-6859

By:  _____
      Bryan Glass, Esq.