UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- x

PETER MALIARAKIS,

                                                 Plaintiff,    **ANSWER**

                   -against-                                    14 Civ. 6088 (RA)

NEW YORK CITY DEPARTMENT OF EDUCATION;
NAMITA DWARKA, PRINCIPAL OF WILLIAM CULLEN
BRYANT HIGH SCHOOL, IN HER OFFICIAL AND
INDIVIDUAL CAPACITY, GUY YACOVONE,
ASSISTANT PRINCIPAL OF WILLIAM CULLEN
BRYANT HIGH SCHOOL, IN HIS OFFICIAL AND
INDIVIDUAL CAPACITY,

                                                 Defendants.
------------------------------------------------------------------------------- x

        Defendant New York City Department of Education ("DOE"),[1] which, upon information and belief, is the only party to have been served in this matter, by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for its answer to the Complaint, dated July 24, 2014 ("Complaint"), respectfully alleges as follows:

        1.        Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as alleged therein.

        2.        Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to proceed as alleged therein.

        3.        Paragraph "3" of the Complaint purports to state a conclusion of law for which no response is necessary. To the extent a response is required, defendant DOE denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to

---

[1] Formally, the Board of Education of the City School District of the City of New York.

proceed as set forth therein, and respectfully refers the Court to 28 U.S.C. § 1331 for a complete and accurate statement of the contents thereof.

4. Paragraph "4" of the Complaint purports to state a conclusion of law for which no response is necessary. To the extent a response is required, defendant DOE denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiff purports to proceed as set forth therein and admits that the DOE maintains a place of business at 52 Chambers Street, New York, New York, and respectfully refers the Court to 28 U.S.C. § 1391 for a complete and accurate statement of the contents thereof.

5. Paragraph "5" of the Complaint purports to state a conclusion of law for which no response is necessary. To the extent a response is required, defendant DOE denies the allegations set forth in paragraph "5" of the Complaint and respectfully refers the Court to 28 U.S.C. §§ 2201-2202 for a complete and accurate statement of the contents thereof.

6. Denies the allegations set forth in paragraph "6" of the Complaint, and respectfully refers the Court to 28 U.S.C. § 1367(a) for a complete and accurate statement of the contents thereof.

7. Denies the allegations set forth in paragraph "7" of the Complaint, except admits that plaintiff has served a notice of claim on the Office of the Comptroller of the City of New York and on the Office of the Corporation Counsel of the City of New York.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, except admits that the most recent address on file for plaintiff with the DOE is located in Westchester County, New York.

9. Paragraph "9" of the Complaint purports to state a conclusion of law for which no response is necessary. To the extent a response is required, defendant DOE denies the

allegations set forth in paragraph "9" of the Complaint, except admits that plaintiff is an employee of the DOE and respectfully refers the Court to New York State Civil Service Law § 75-b for a complete and accurate statement of the contents thereof.

10. Paragraph "10" of the Complaint purports to state a conclusion of law for which no response is necessary. To the extent a response is required, defendant DOE denies the allegations set forth in paragraph "10" of the Complaint, and respectfully refers the Court to New York State Civil Service Law § 75-b for a complete and accurate statement of the contents thereof.

11. Denies the allegations set forth in paragraph "11" of the Complaint, except admits that Namita Dwarka ("Principal Dwarka") is the Principal of William Cullen Bryant High School, which is a school administered by the DOE.

12. Denies the allegations set forth in paragraph "12" of the Complaint, except admits that Guy Yacovone ("Assistant Principal Yacovone") is Assistant Principal of Administration at William Cullen Bryant High School, which is a school administered by the DOE.

13. Denies the allegations set forth in paragraph "13" of the Complaint, except admits that plaintiff received an overall rating of Satisfactory on his Annual Professional Performance Reviews for several school years.

14. Denies the allegations set forth in paragraph "14" of the Complaint, except admits that Principal Dwarka's first year as Principal of William Cullen Bryant High School was the 2011-2012 school year.

15. Denies the allegations set forth in paragraph "15" of the Complaint, except admits that Principal Dwarka assigned plaintiff an overall rating of Satisfactory on his Annual Professional Performance Review for the 2011-2012 school year.

16. Denies the allegations set forth in paragraph "16" of the Complaint.

17. Denies the allegations set forth in paragraph "17" of the Complaint, except admits that plaintiff was interviewed by the DOE Office of Special Investigations ("OSI") on June 7, 2013, in regard to allegations concerning Principal Dwarka and student grades.

18. Denies the allegations set forth in paragraph "18" of the Complaint, except admits that plaintiff was interviewed by the DOE Office of Special Investigations ("OSI") on June 7, 2013.

19. Denies the allegations set forth in paragraph "19" of the Complaint.

20. Denies the allegations set forth in paragraph "20" of the Complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint, except admits that plaintiff received an unsatisfactory formal observation report dated June 10, 2013, and that letters dated June 11, 2013, and June 12, 2013, were written to plaintiff's file by Principal Dwarka.

22. Denies the allegations set forth in paragraph "22" of the Complaint, except admits that plaintiff contacted OSI claiming that he was being retaliated against for speaking with the OSI investigator on June 7, 2013, and that OSI referred plaintiff's allegation of retaliation to the Office of the Special Commissioner of Investigation for the New York City School District ("SCI"), and denies knowledge or information sufficient to form a belief as to the truth of the alleged actions of SCI.

23. Denies the allegations set forth in paragraph "23" of the Complaint, except admits that on June 21, 2013, plaintiff received a rating of unsatisfactory on his Annual Professional Performance Review for the 2012-2013 school year, which had implications for plaintiff's per-session opportunities.

24. Denies the allegations set forth in paragraph "24" of the Complaint, except admits that letters addressing plaintiff's conduct and dated July 1, 2013, September 18, 2013, October 16, 2013, October 22, 2013, and January 13, 2014, were written to plaintiff's file by administrators at William Cullen Bryant High School.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint, and affirmatively states that SCI is an entity separate from the DOE, operating under the umbrella of the City of New York's Department of Investigation.

26. Denies the allegations set forth in paragraph "26" of the Complaint, except admits that on February 12, 2014, Namita Dwarka recommended plaintiff for participation in the Peer Observation and Evaluation ("PIP Plus") program.

27. Denies the allegations set forth in paragraph "27" of the Complaint, except admits that plaintiff received an overall annual rating of Developing for the 2013-2014 school year under the DOE's Advance teacher evaluation system and that a log of assistance was created for plaintiff, and respectfully refers the Court to New York Education Law Section 3020-a for a complete and accurate statement of the contents thereof.

28. Denies the allegations set forth in paragraph "28" of the Complaint, except admits that plaintiff's unsatisfactory performance had implications for plaintiff's per-session opportunities.

29. In response to the allegations set forth in paragraph "29" of the Complaint, defendant DOE hereby repeats and realleges the responses set forth in paragraphs "1" through "28" of this answer, inclusive of all subparts, as if fully set forth herein.

30. Paragraph "30" of the Complaint purports to state a conclusion of law for which no response is necessary. To the extent a response is required, defendant DOE denies the allegations set forth in paragraph "30" of the Complaint.

31. Paragraph "31" of the Complaint purports to state a conclusion of law for which no response is necessary. To the extent a response is required, defendant DOE denies the allegations set forth in paragraph "31" of the Complaint.

32. In response to the allegations set forth in paragraph "32" of the Complaint, defendant DOE hereby repeats and realleges the responses set forth in paragraphs "1" through "31" of this answer, inclusive of all subparts, as if fully set forth herein.

33. Paragraph "33" of the Complaint purports to state a conclusion of law for which no response is necessary. To the extent a response is required, defendant DOE denies the allegations set forth in paragraph "33" of the Complaint, and respectfully refers the Court to New York Civil Service Law § 75-b for a complete and accurate statement of the contents thereof.

34. Paragraph "34" of the Complaint purports to state a conclusion of law for which no response is necessary. To the extent a response is required, defendant DOE denies the allegations set forth in paragraph "34" of the Complaint.

35. Paragraph "35" of the Complaint purports to state a conclusion of law for which no response is necessary. To the extent a response is required, defendant DOE denies the allegations set forth in paragraph "35" of the Complaint, and respectfully refers the Court to New York Civil Service Law § 75-b for a complete and accurate statement of the contents thereof.

36. Paragraph "36" of the Complaint purports to state a conclusion of law for which no response is necessary. To the extent a response is required, defendant DOE denies the allegations set forth in paragraph "36" of the Complaint.

37. In response to the allegations set forth in paragraph "37" of the Complaint, defendant DOE hereby repeats and realleges the responses set forth in paragraphs "1" through "36" of this answer, inclusive of all subparts, as if fully set forth herein.

38. Paragraph "38" of the Complaint purports to state a conclusion of law for which no response is necessary. To the extent a response is required, defendant DOE denies the allegations set forth in paragraph "38" of the Complaint.

39. Denies the allegations set forth in paragraph "39" of the Complaint.

40. Paragraph "40" of the Complaint purports to state a conclusion of law for which no response is necessary. To the extent a response is required, defendant DOE denies the allegations set forth in paragraph "40" of the Complaint.

41. Denies the allegations set forth in paragraph "41" of the Complaint.

42. Denies the allegations set forth in paragraph "42" of the Complaint.

43. Denies the allegations set forth in paragraph "43" of the Complaint, except admits that plaintiff purports to proceed as alleged therein.

**AS AND FOR A FIRST DEFENSE**

44. The Complaint fails to state a claim upon which relief may be granted.

**AS AND FOR A SECOND DEFENSE**

45. The Complaint is barred, in whole or in part, by the applicable statutes of limitation.

## AS AND FOR A THIRD DEFENSE

46. The Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both.

## AS AND FOR A FOURTH DEFENSE

47. Defendant DOE had legitimate business reasons for any decisions made with respect to plaintiff's employment that were not retaliatory in any respect.

## AS AND FOR A SIXTH DEFENSE

48. Any damages sustained by plaintiff were caused by plaintiff's own negligent or otherwise culpable conduct.

## AS AND FOR A SEVENTH DEFENSE

49. The damage claims contained in the Complaint are barred, in whole or in part, by the failure to mitigate damages.

## AS AND FOR A EIGHTH DEFENSE

50. The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

## AS AND FOR A NINTH DEFENSE

51. At all times relevant to the Complaint, defendant DOE acted reasonably, lawfully, and in good faith, without malice, in accordance with the Constitution and laws of the United States and the State of New York, the Charter and laws of the City of New York, and all applicable laws, by-laws, rules and regulations and was neither arbitrary nor capricious

## AS AND FOR A TENTH DEFENSE

52. Defendant DOE is shielded from suit by the doctrines of absolute privilege, qualified privilege or both.

## **AS AND FOR A ELEVENTH DEFENSE**

53. The Complaint is barred, in whole or in part, by the doctrines of claim preclusion, issue preclusion, res judicata, collateral estoppel, judicial estoppel, or any combination of these doctrines.

## CONCLUSION

**WHEREFORE**, defendant DOE respectfully requests that the Complaint be dismissed in its entirety, that the relief requested in the Complaint be denied in all respects, that judgment be entered for defendant DOE, and that defendant DOE be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
October 10, 2014

                                          **ZACHARY W. CARTER**
                                          Corporation Counsel of the
                                           City of New York
                                          Attorney for Defendant DOE
                                          100 Church Street, Room 2-317
                                          New York, New York 10007
                                          (212) 356-2452
                                          srenagha@law.nyc.gov

                                By:                  /s/
                                          Sean R. Renaghan
                                        Assistant Corporation Counsel

To:    GLASS KRAKOWER LLP
       Attorneys for Plaintiff
       100 Church Street, 8th Floor
       New York, New York 10007
       (By ECF)