jorge@nylitigators.com

| | |
|---|---|
| **From:** | Bryan Glass <bglass@ghnylaw.com> |
| **Sent:** | Friday, November 13, 2015 7:46 PM |
| **To:** | michael_bacchus@nysd.uscourts.gov |
| **Subject:** | Settlement memo on behalf of Peter Maliarakis for Tuesday 9 am conference 14 Civ. 6088(RA)(JF) |
| **Attachments:** | Crime watch daily.pdf.html; Maliarakis settlement conference memo for MJ final-11.13.15.pdf; Per Session losses 11 13 15.xlsx; Lawyer Visits Excel.xlsx; BryantDwarka HS Articles.docx |

Please see attached settlement memo and related documents. Sorry for delay as I was in court late today.

Thank you, and feel free to contact me if anything else is needed before Tuesday.

--
*Bryan D. Glass, Esq.*
*Partner*

GLASS KRAKOWER LLP
100 Church Street, 8th Floor, Suite 800
New York, NY 10007

169 S. Main Street #321
New City, NY 10956
Tel: 212-537-6859
(This number receives text messages)
Fax: 845-510-2219

www.ghnylaw.com
bglass@ghnylaw.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at bglass@ghnylaw.com or by telephone at (212) 537-6859, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

Glass Krakower LLP
100 Church Street, 8th Floor
New York, NY 10007
(212) 537-6859
Fax: (845) 510-2219
Bryan D. Glass, Esq., Partner
bg@glasskrakower.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
**PETER MALIARAKIS,**

                **Plaintiff,**

                -against-

**NEW YORK CITY DEPARTMENT OF EDUCATION, NAMITA DWARKA, PRINCIPAL OF WILLIAM CULLEN BRYANT HIGH SCHOOL, GUY YACOVONE, ASSISTANT PRINCIPAL OF WILLIAM CULLEN BRYANT HIGH SCHOOL.**

                **Defendants.**
------------------------------------------------------------x

14 Civ. 6088
(RA)(JF)

**PLAINTIFF'S CONFIDENTIAL SETTLEMENT MEMORANDUM**

**CONFIDENTIAL MATERIAL FOR USE ONLY AT SETTLEMENT CONFERENCE**

Plaintiff submits this ex parte confidential settlement letter in preparation for the settlement conference in this action scheduled for November 17, 2015, at 9:00 a.m. Plaintiff and his counsel and possible co-counsel plan to appear at the conference with full settlement authority to resolve the case.

Plaintiff brings this action pursuant to Defendants' violations of 42 U.S.C. Section 1983 and New York Civil Service Law Section 75-b (hereinafter "CLS & 75-b") as a result of maltreatment and retaliatory actions taken against him for exercising his freedom of speech as a citizen with regard to matters of public concern by being an informant and/or reporting of unethical practices since reporting school administrators, including his Principal at William Cullen Bryant High School, Namita Dwarka, for various allegations of fraud and misconduct at the school, including illegal grade changing of student grades by the school principal. This memorandum will focus on the factual and legal issues that Defendants must consider when assessing their exposure in this case.

Plaintiff was hired for employment at William Cullen Bryant High School with the New York City Department of Education ("NYCDOE") in 2003. From 2003 until June 2012, Plaintiff had been a consistently Satisfactory physical education teacher with the NYCDOE, with Satisfactory ratings every year.

On or about June 7, 2013, Plaintiff was called into a meeting by the NYCDOE's Office of Special Investigations (OSI) concerning the conduct of the school principal Namita Dwarka and a grade change scandal involving Dwarka directly. At the start of the meeting, Plaintiff told the OSI investigator that he feared retaliation by the school principal if he spoke with the investigator about the principal's alleged misconduct. The investigator said "she can't do that. That's illegal."

At the same meeting, based on OSI investigator's assurances, Plaintiff told the OSI investigator that the school principal intimidated staff to change grades so that the schools graduation rate would be inflated. Plaintiff also provided information of an illegal extra credit packet that teachers were demanded to supply their students, and gave the OSI investigator names of other teachers who would have information about the grade changing.

Almost immediately after exposing the fraudulent activities at the school, Plaintiff suddenly began facing a hostile work environment at the school from principal Dwarka and school administration. Retaliation began the very next school day after OSI met with the Plaintiff, as early as June 10, 2013. Specifically, the school's Assistant Principal of Organization, Guy Yacovone, told Plaintiff he would receive his first even unsatisfactory rating for the year, and would reverse it to a satisfactory if he left the school. Yacovone stated at the time, "it's not about your teaching. Your one of those people that rubs the principal the wrong way. Anyways, why would you want to work in a school where you are not wanted?"

On the same day, after his conversation with APO Yacovone, Plaintiff also received his one and only Unsatisfactory observation for the year on June 10, 2013. Plaintiff also received two petty and unwarranted disciplinary letters to file from the school administration on June 11 and June 12, 2013.

After Plaintiff received the Unsatisfactory observation and two disciplinary letters, Plaintiff contacted the OSI investigator via email to alert her about the retaliation from administration after speaking with her. As a result, the OSI investigator initiated a whistleblowing retaliation case on June 17, 2013 with the Special Commissioner of investigations ("SCI") based on the retaliation plaintiff was facing at the school.

3

On June 21, 2013, Plaintiff received the first Unsatisfactory annual rating ("U rating) of his career for the 2012-13 school year. This Unsatisfactory annual rating immediately disqualified him from his ability to work summer school and coaching positions as of August 2013, as well as per session boot camp, credit recovery, chaperoning, PM school, and class coverages. Plaintiff also was dismissed as the Girls' Soccer coach due to the U-rating he had received in June, 2013.

Over the Summer of 2013, and the following 2013-14 school year, after Plaintiff did not leave the school, Plaintiff continued to receive a barrage of disciplinary letter to file from school administration, including on July 1, 2013, and on September 18, 2013, October 16, 2013, and October 22, 2013, and January 13, 2014. Plaintiff was being singled out for disciplinary actions and held to a different standard than other teachers.

By letter from SCI Special Counsel Daniel Schlachet, dated November 15, 2013, Plaintiff received SCI's final report, concluding that Plaintiff did not qualify for whistleblower protection. A recent FOIL request has shown that SCI has failed to substantiate all 207 of their whistleblower complaints since 2006. In that report, SCI Special Counsel, Mr. Schlachet *falsely* reported that Plaintiff had received a U annual rating during the 2011-12 school year (prior to making his report in June 2013, which is inaccurate and blatantly false), and that he had received "numerous disciplinary letters" in 2011-12, prior to June 2013 (also which is inaccurate and blatantly false).

On February 12, 2014, Plaintiff was also asked by Principal Dwarka to sign up for PIP plus regarding his teaching performance, which was not appropriate since he never received an unsatisfactory rating for improper instruction.

Throughout the 2013-14 school year, administration on several occasions attempted to frame Plaintiff by trying to have students falsify statements against him in an attempt to pin a, during school student walkout, and an after school student rally on him. Principal would also blame

Plaintiff for any injuries that occurred to students in his physical education classes. Many students that Plaintiff would talk interact with in the hallway would be called down for interrogation by administration.

Plaintiff also received a "Developing" rating overall under the NYCDOE's new Danielson rating system for the 2013-14 school year, and also was placed on a log of assistance even though there has been no prior issue with his teaching performance. During the log of assistance, Plaintiff met with the AP of Physical education, Dr. Ralph Montalvo, once a week. After each of the four observations, Dr. Montalvo would praise Plaintiff on his teaching practices displayed during the observation. When the post observation meeting was conducted by the Principal Dwarka, and Dr. Montalvo, the tone would change as Plaintiff could do nothing right. Since then Plaintiff has brought up on Section 3020-a disciplinary charges based on incompetence.

During the current 2014-15 school year, Plaintiff continued to endure a barrage of retaliatory acts from administration from trying to frame him for a student rally and placing administrators to stake out by his classroom. Plaintiff is being held to a different standard from all other teachers by asking him to do things nobody else is being asked to do. Teachers have the option to pick their workshop of choice for staff development and Plaintiff is denied this privilege by being forcefully placed in one. Interim acting AP of Physical Education, Pelagia Papoutsis, has falsified each and every one of his observations. Pelagia Papoutsis, has been removed from the school on alleged misconduct charges involving an inappropriate relationship that was also covered nationally in the press stating Principal Dwarka was aware and failed to report it. Plaintiff currently has no yearly rating for the 2014-15 school year, due to the fact that he was given a rating that was based on the wrong rating system. School UFT representative was told by Principal Dwarka, at a meeting on October 13, 2014, that the school would be a much better place if a select

5

number of teachers were no longer at the school and Plaintiff's name was one of the names mentioned by Principal Dwarka.

From June of 2013-November 2015, teachers that are associating with Plaintiff are retaliated against instantly which as a result has created an atmosphere of fear by the principal, which has led to social isolation towards plaintiff by colleagues and supervisors within the school.

In June 2015, Plaintiff was reassigned and charged with 12 counts of incompetency. He is being mistreated during reassignment by being reassigned to a student desk, metal chair, and in the main office for the entire school day, where all staff, students, and parents could observe him, which subjected him to public humiliation. Principal Dwarka stated that Plaintiff is not allowed to walk the hallways and is only allowed on the first floor of a five floor building. Plaintiff is being mistreated and held to a much different standard than other teachers, current reassigned teachers and former reassigned teachers in an obvious bid by Principal Dwarka and administration to physically and mentally break him down.

Principal Dwarka has been featured in approximately 30 media stories within a year and a half, where she was being accused of various acts of misconduct including bullying of whistleblowers, financial fraud, grade change fraud, testing fraud, lack of accommodations for functionally disabled, and the covering up of an alleged inappropriate relationship with staff and student amongst many other accusations. In matter of fact, Plaintiff was featured on national show, Crime Watch Daily, which exposed Dwarka's mistreatment of Plaintiff along with her alleged misconduct within the school. Copies of this media coverage is included herewith.

During recent federal deposition testimony as well as NYS Department of Labor testimony given by Assistant Principals Guy Yacovone, APO and Dr. Montalvo, direct supervisor AP, they stated Plaintiff was in fact a good teacher and didn't deserve the barrage of retaliatory acts he

6

endured by Principal Dwarka. They also stated that it was also all retaliatory for being a whistleblower.

## EVALUATION AND DAMAGES

As such, as part of a settlement of a case, Plaintiff seeks relief and damages for:

- Extreme anxiety

-Depression

-Chronic headaches

-Trouble sleeping

-Having to take anti-anxiety medication during the 2013 school year due to anxiety caused by Principal Dwarka.

-Extreme isolation by coworkers and supervisors

-Psychiatrist sessions

-Psychotherapy sessions

-Being held to completely different standards as colleagues

- Daily harassment

-Frame jobs/falsifying information in an attempt to fire Plaintiff

-Premeditation to get Plaintiff removed from the school

-10 unwarranted disciplinary letters to file following meeting with OSI investigator (one being a counseling memo)

-Falsified SCI report

7

-Principal denying plaintiff to his cadet rights which is required by law (received insubordination disciplinary letter)

-Neglecting to address school equipment requests and various school related complaints

-Pressured to change grades

-Forcing administrators to write false observation reports

-Placed on log of assistance(2013-14) and a Teacher improvement Plan (T.I.P, 2014-15)

-Giving Plaintiff two health classes by the utilization improper rotation

-Giving Plaintiff late schedule every year against his request, which is improper rotation

-Forcing Plaintiff to teach in unsanitary conditions

-Mistreating Plaintiff during reassignment physically and mentally

-Character assassination

-Mistreatment/humiliation by subjecting Plaintiff to a student desk, metal chair, and putting him on public display on reassignment

**Monetary losses attached:**

Due to his substantial damage to his advancement possibilities going forward, and extreme anxiety caused by the principal's actions, Plaintiff seeks a six figure settlement at this time. See attached damages breakdown included herewith.

## CONCLUSION

While acting under color of state Law, Defendants violated Plaintiff's First Amendment rights by retaliating against him for exercising his freedom of speech as a citizen with regard to matters of public concern by being an informant and/or reporting of unethical practices regarding improper grade changing, in the form, *inter alia*, of school administration placing unwarranted unsatisfactory observations, terminating his per session and coaching work opportunities and subjecting him to 3020-A dismissal charges. As a proximate result of Defendants' retaliatory actions against Plaintiff, Plaintiff has suffered and continues to suffer a loss of past and future income, monetary damages, humiliation, severe emotional distress, mental and physical anguish and suffering, and damage to his professional reputation.

Dated: New York, NY
       November 12, 2015

>                         GLASS KRAKOWER LLP
>                         Attorneys for Plaintiff Peter Maliarakis
>                         100 Church Street, 8th Floor
>                         New York, NY 10007
>
>                         By:___/s/_____
>                            BRYAN D. GLASS, Esq.

# Per Session/Other Losses

| x | Program Name | Amount lost | Date |
|---|---|---|---|
| | Summer School(U-rated teachers don't meet c| | $ 10,000.00 | 2012-2013 school yr |
| | Girls' soccer(fall) | $ 5,000.00 | 2013-2014 school yr |
| | 6th class | $ 10,000.00 | 2013-2014 school yr |
| | Credit recovery(after school) | $ 2,500.00 | 2013-2014 school yr |
| | Boot camp(over vacation/breaks) | $ 2,000.00 | 2013-2014 school yr |
| | Class Coverages | $ 3,225.00 | 2013-2014 school yr |
| | Usher/Chaperon events | $ 1,500.00 | 2013-2014 school yr |
| | Summer School(Urated in last 3 years) | $ 10,000.00 | 2013-2014 school yr |
| | Pschiatrist(copays) | $ 600.00 | 2013-2014 school yr |
| | Doctor visits/Medication(copays) | $ 100.00 | 2013-2014 school yr |
| | Girls' soccer(fall) | $ 5,000.00 | 2014-2015 school yr |
| | Boys' Basketball(winter) | $ 10,000.00 | 2014--2015 school yr |
| | 6th class | $ 10,000.00 | 2014--2015 school yr |
| | Credit recovery(after school) | $ 2,500.00 | 2014--2015 school yr |
| | Usher/Chaperon events | $ 2,500.00 | 2014--2015 school yr |
| | Boys tennis(spring) | $ 3,000.00 | 2014--2015 school yr |
| | Class Coverages | $ 3,225.00 | 2014--2015 school yr |
| | Summer School(U-rated teacher in last 3 years | $ 10,000.00 | 2014-15 school yr |
| | Girls' soccer(fall) | $ 5,000.00 | 2015-16 school yr |
| | Boys' Basketball(winter) | $ 10,000.00 | 2015-16 school yr |
| | Flushing Wrestling(3020a charges made me re | $ 5,000.00 | 2015-16 school yr |
| | Class coverages | $ 3,225.00 | 2015-16 school yr |
| | Usher/Chaperon events | $ 2,500.00 | 2015-16 school yr |
| | Credit recovery(after school) | $ 2,500.00 | 2015-16 school yr |
| | 6th class | $ 10,000.00 | 2015-16 school yr |
| | Summer School(3020a makes me unquaulified | $ 10,000.00 | 2015-16 school yr |
| | Docter Copays/travel | $ 500.00 | 2013-15 |
| | Psychiatrist Copays/travel | $ 800.00 | 2013-14 school yr |
| | Psychotherapist Copays/travel | $ 800.00 | 2015-16 school yr |

psychotherapisr

| TOTAL | $ 141,475.00 | 2012-2016 | | | |
|---|---|---|---|---|---|
| Shopping Budget: | | Total: | $0.00 | Remaining: | $0.00 |
| Shopping Budget: | | Total: | $0.00 | Remaining: | $0.00 |

Made in Office 2007 for office2007.com

## Lawyer expenses 2013-Present

| Lawyer | Date | Amount | Travel | Hours | CALL | OFFICE | conf |
|---|---|---|---|---|---|---|---|
| Scher Law firm | Oct 2013-May 2014 | $ 7,900.00 | $ 500.00 | 30 hrs | 10 hrs | 20 hrs | |
| Bryan Glass | 6/2/2014 | $ 600.00 | | 1.5 hrs | X | | |
| Bryan Glass | 6/3/2014 | $500(consult) | $ 50.00 | 2 hrs | | X | |
| Bryan Glass | 6/8/2014 | $ 300.00 | | .75hrs | X | | |
| Bryan Glass | 6/11/2014 | $ 600.00 | | 1.5hrs | X | | |
| Bryan Glass | 6/14/2014 | $ 1,500.00 | $ 50.00 | 3.75 hrs | | X | |
| Bryan Glass | 6/18/2014 | $ 500.00 | | 1.25hr | X | | |
| Bryan Glass | 6/22/2014 | $ 1,000.00 | $ 50.00 | 2.5 hrs | | X | |
| Bryan Glass | 6/30/2014 | $ 400.00 | | 1hr | X | | |
| Bryan Glass | 7/1/2014 | $ 200.00 | | .5hrs | X | | |
| Bryan Glass | 7/2/2014 | $ 2,400.00 | $ 50.00 | 3.25 hrs | | X | |
| Bryan Glass | 7/6//14 | $ 200.00 | | .5hrs | X | | |
| Bryan Glass | 7/14/2014 | $ 1,600.00 | $ 50.00 | 4 hrs | | X | |
| Bryan Glass | 7/25/2014 | $ 600.00 | | 1.5 hrs | X | | |
| Bryan Glass | 8/1/2014 | $ 800.00 | | 2hr | X | | |
| Bryan Glass | 8/6/2014 | $ 400.00 | | 1hr | X | | |
| Bryan Glass | 8/20/2014 | $ 700.00 | | 1.75hr | X | | |
| Bryan Glass | 9/3/2014 | $ 400.00 | | 1hr | X | | |
| Bryan Glass | 9/10/2014 | $ 200.00 | | .5hr | X | | |
| Bryan Glass | 9/17/2014 | $ 600.00 | | 1.5hrs | X | | |
| Bryan Glass | 9/18/2014 | $ 400.00 | | 1hr | X | | |
| Bryan Glass | 9/26/2014 | $ 600.00 | $ 50.00 | 1.5 hrs | | X | |
| Bryan Glass | 10/6/2014 | $ 1,300.00 | $ 50.00 | 3.25 hrs | | X | |
| Bryan Glass | 10/19/2014 | $ 800.00 | | 2 hrs | X | | |
| Bryan Glass | 11/19/2014 | $ 800.00 | | 2hrs | X | | |
| Bryan Glass | 1/24/2014(MEDIATION | $ 3,200.00 | $ 50.00 | 8hrs | | X | |
| Bryan Glass | 12/15/2014 | $ 1,000.00 | | 2.5hrs | X | | |
| Bryan Glass | 12/23/2014 | $ 600.00 | | 1.5 | X | | |

| Name | Date | Amount | | Rate | Hours | | | |
|---|---|---|---|---|---|---|---|---|
| Bryan Glass | 1/12/2015 | $ | 1,300.00 | $ 50.00 | 3.25 hrs | | | |
| Bryan Glass | 2/2/2015 | $ | 1,200.00 | | 3hr | x | | |
| Bryan Glass | 2/19/2015 | $ | 1,800.00 | $ 50.00 | 4.5hrs | | x | |
| Bryan Glass | 2/22/2015 | $ | 1,000.00 | $ - | 2.5 hrs | x | | |
| Bryan Glass | 3/2/2015 | $ | 1,000.00 | | 2.5hrs | x | | |
| Bryan Glass | 3/4/2015 | $ | 900.00 | | 2.25hrs | x | | |
| Bryan Glass | 3/7/2015 | $ | 2,400.00 | $ 50.00 | 6 hrs | | x | |
| Bryan Glass | 3/14/2015 | $ | 500.00 | | 1.25hrs | x | | |
| Bryan Glass | 3/21/2015 | $ | 2,600.00 | $ 50.00 | 6.5 hrs | | x | |
| Bryan Glass | '23/2015(ALL DAY)dep | $ | 3,600.00 | $ 50.00 | 9 hrs | | x | |
| Bryan Glass | '24/2015(ALL DAY)dep | $ | 3,200.00 | $ 50.00 | 8hrs | | x | |
| Bryan Glass | 3/28/2014 | $ | 1,200.00 | | 3hrs | x | | |
| Bryan Glass | 4/1/2015 | $4600(transcril | $ | 50.00 | 9 hrs | | x | |
| Bryan Glass | 4/1/2015 | $ | 800.00 | | 2 hrs | | | X(6pm) |
| Bryan Glass | 4/2/2015 | $ | 1,000.00 | | 2.5hrs | x | | |
| Bryan Glass | 4/3/2015 | $ | 500.00 | | 1.25hrs | x | | |
| Jorge Vasquez | 4/9/2015 | $ | 750.00 | | 1.5hrs | x | | |
| Jorge Vasquez | 4/13/2015 | $ | 1,000.00 | | 2 hrs | x | | |
| Jorge Vasquez | 4/16/2015 | $ | 1,500.00 | | 3hrs | | x | |
| Bryan Glass | 4/19/2015 | $ | 200.00 | $ 50.00 | .5hr | x | | |
| Jorge Vasquez | 4/23/2015 | $ | 1,500.00 | $ 50.00 | 3hr | | x | |
| Jorge Vasquez | 4/27/2015 | $ | 500.00 | | 1hr | x | | |
| Jorge Vasquez | 5/8/2015 | $ | 1,000.00 | | 2 hr | x | | |
| Jorge Vasquez | 5/12/2015 | $ | 1,000.00 | | 1hr | x | | |
| Jorge Vasquez | 5/16/2015 | $ | 250.00 | | .5hr | x | | |
| Jorge Vasquez | 5/18/2015 | $ | 1,500.00 | $ 50.00 | 3hr | | | |
| Jorge Vasquez | 5/25/2015 | $ | 1,000.00 | | 2 hr | x | x | |
| Bryan Glass | 6/12/2015 | $ | 1,000.00 | $ 50.00 | 2hr | | | |
| Jorge Vasquez | 6/14/2015 | $ | 750.00 | | 1.5hrs | x | x | |

| Name | Date | Amount | Rate | Hours | Col1 | Col2 |
|---|---|---|---|---|---|---|
| Bryan Glass | 6/16/2015 | $ 1,200.00 |  | 3hr |  |  |
| Jorge Vasquez | 6/20/2015 | $ 2,000.00 | $ 50.00 | 4 hrs |  | x |
| Bryan Glass | 6/25/2015 | $ 200.00 |  | .5hr | x |  |
| Bryan Glass | 6/26/2015 | $ 400.00 |  | 1hr | x |  |
| Jorge Vasquez | 6/29/2015 | $ 1,000.00 | $ 50.00 | 2 hr |  | x |
| Bryan Glass | 7/1/2015 | $ 1,200.00 | $ 50.00 | 3hr |  | x |
| Jorge Vasquez | 7/5/2015 | $ 1,000.00 |  | 1hr |  |  |
| Bryan Glass | 7/10/2015 | $ 400.00 |  | 3.5hr | x |  |
| Jorge Vasquez | 7/15/2015 | $ 1,750.00 | $ 50.00 | 3.5hr | x |  |
| Bryan Glass | 7/20/2015 | $ 1,200.00 | $ 50.00 | 3hr |  | x |
| Jorge Vasquez | 7/21/2015 | $ 750.00 |  | 1.25hr |  | x |
| Bryan Glass | 7/23/2015 | $ 200.00 |  | .5hr | x |  |
| Jorge Vasquez | 7/26/2015 | $ 1,500.00 | $ 50.00 | 3hr | x |  |
| Bryan Glass | 7/30/2015 | $ 500.00 |  | 1.25hr |  | x |
| Jorge Vasquez | 8/2/2015 | $ 1,000.00 |  | 2 hr | x |  |
| Bryan Glass | 8/4/2015 | $ 400.00 |  | 1hr | x |  |
| Jorge Vasquez | 8/10/2015 | $ 1,500.00 | $ 50.00 | 3hr | x |  |
| Bryan Glass | 8/12/2015 | $ 1,000.00 | $ 50.00 | 2.5hrs |  | x |
| Bryan Glass | 8/13/2015 | $ 100.00 |  | .25hr |  | x |
| Jorge Vasquez | 8/16/2015 | $ 1,000.00 |  | 2hr | x |  |
| Bryan Glass | 8/19/2015 | $ 400.00 |  | 1hr | x |  |
| Bryan Glass | 8/26/2015 | $ 300.00 |  | .75hrs | x |  |
| Bryan Glass | 9/1/2015(Depositions) | $ 2,400.00 | $ 50.00 | 6 hrs | x |  |
| Bryan Glass | 9/4/2015 | $ 200.00 |  | .5hr |  | x |
| Bryan Glass | 9/6/2015 | $ 400.00 |  | 1hr | x |  |
| Bryan Glass | 9/6/2015 | $ 200.00 |  | .5hr | x |  |
| Bryan Glass | 9/7/2015 | $ 800.00 | $ 50.00 | 2 hrs | x |  |
| Bryan Glass | 9/8/2015(Perb global | $ 800.00 | $ 50.00 | 2 hrs |  | x |
| Jorge Vasquez | 9/10/2015 | $ 2,000.00 |  |  | x |  |

| Name | Date | Amount | Rate | Hours | | |
|---|---|---|---|---|---|---|
| Bryan Glass | 9/11/2015 | $ 1,000.00 | $ 50.00 | 2.5 hrs | | x |
| Jorge Vasquez | 9/13/2015 | $ 1,500.00 | $ 50.00 | 3hr | | x |
| Jorge Vasquez | 9/14/2015 | $ 400.00 | | 1hr | x | |
| Bryan Glass | 9/16/2015 | $ 200.00 | | .5hrs | x | |
| Jorge Vasquez | 9/19/2015 | $ 500.00 | $ 50.00 | 1hr | | x |
| Bryan Glass | 9/20/2015 | $ 200.00 | | .5hrs | x | |
| Bryan Glass | 9/21/2015 | $ 100.00 | | .25hr | x | |
| Bryan Glass | 9/25/2015 | $ 500.00 | | 1.25hr | x | |
| Jorge Vasquez | 9/28/2015 | $ 1,500.00 | $ 50.00 | 2.5hr | | x |
| Bryan Glass | 10/1/2015 | $ 200.00 | | .5hr | x | |
| Jorge Vasquez | 10/3/2015 | $ 3,000.00 | $ 50.00 | 6 hrs | | x |
| Bryan Glass | 10/6/2015 | $ 200.00 | | .5hr | x | |
| Bryan Glass | 10/8/2015 | $ 800.00 | | 2 hrs | x | |
| Bryan Glass | 10/10/2015 | $ 400.00 | | 1hr | x | |
| Bryan Glass | 10/12/2015 | $ 1,000.00 | $ 50.00 | 2.5hrs | | x |
| Jorge Vasquez | 10/13/2015 | $ 1,000.00 | $ 50.00 | 2 hr | | x |
| Bryan Glass | 10/16/2015 | $ 400.00 | | 1hr | x | |
| Bryan Glass | 10/20/2015 | $ 200.00 | | .5hr | x | |
| Bryan Glass | 10/22/2015 | $ 300.00 | | .75hrs | x | |
| Jorge Vasquez | 10/25/2015 | $ 1,000.00 | $ 50.00 | 2 hr | | x |
| Bryan Glass | 10/28/2015 | $ 1,200.00 | $ 50.00 | 3hr | | x |
| Jorge Vasquez | 11/1/2015 | $ 3,000.00 | $ 50.00 | 6 hrs | | x |
| Bryan Glass | 11/2/2015 | $ 200.00 | | .5hr | x | |
| Bryan Glass | 11/6/2015 | $ 400.00 | | 1hr | x | |
| Bryan Glass | 7/2015 (Depo transcrip | $ 1,000.00 | | | | |
| Bryan Glass | 9/1/2015 (Depo transc | $ 1,400.00 | | | | |
| Jorge Vasquez | 11/8/2015 | $ 1,250.00 | $ 50.00 | 2.5hr | | x |

**CURRENT TOTAL** $ 121,100.00