**UNITED STATES DISTRICT COURT:**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x        DOCKET # 14 CV 6088
PETER MALIARAKIS
                           Plaintiff,

      VS.

NEW YORK CITY DEPT. OF EDUCATION
et al.
                           Defendant(s).
-----------------------------------------------------------x

---

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ENFORCE ATTORNEY FEES
_____

Dated:

Queens, NY
December 2, 2018

                                                            JORGE VASQUEZ'S NEW
                                                            YORK LITIGATORS INC.
                                                            84-08 Queens Blvd.
                                                            Queens, NY 11373
                                                            212-899-9998

This Memorandum of Law is submitted in support of the within motion of Jorge Vasquez Esq., hereinafter "Vasquez" seeking to enforce an agreement made among Vasquez, Peter Maliarakis, hereinafter "Maliarakis" & Bryan Glass Esq., hereinafter "Glass" relating to his 33.33% share of a settlement award of attorney fees to Maliarakis.

## BACKGROUND

In or about April, 2015, plaintiff was engaged by the defendants to serve as trial counsel on a matter in the United States District Court: Southern District of New York entitled "Peter Maliarakis vs. New York City Dept. of Education et al.". Plaintiff was awarded $65,000.00 in attorney fees pursuant to an in-Court settlement dated November 17, 2015. Vasquez was to receive 33.33% of such fees and to date has received no payment whatsoever from Glass and/or Maliarakis. This motion seeks to enforce such agreement and to award attorney fees to Vasquez.

## FACTS

The court is respectfully referred to the attached declaration of attorney, Vasquez, which sets forth the facts and circumstances surrounding the within motion for an award of attorney fees.

This motion seeks resolution of a fee dispute between Vasquez and Glass in connection to representation as trial counsel of Jorge Vasquez in the within matter which involved several claims of Maliarakis, including whistleblower claims, in connection to his employment with the Board of Education. The case, under the direct supervision of the Court, was ultimately settled on November 17, 2015 where the attorney fees were awarded to plaintiff in the amount of $65,000.00. Attached as Exhibit A is copy of the transcript reflecting such award of attorney fees

at page 2.

In or around April 2015, Vasquez was retained by both Glass, attorney of record for Plaintiff, Maliarakis and Maliarakis, himself, to serve as trial counsel on a matter in the United States District Court: Southern District of New York entitled Peter Maliarakis vs. New York City Dept. of Education et al. The underlying matter arose from certain claims of Maliarakis relating to his employment with the Board of Ed.

The matter, under the direct supervision of the Court, was settled on November 17, 2015, where attorney fees were awarded to plaintiff in the amount of $65,000.00. Attached as Exhibit A is copy of the transcript, indicating same on page 2.

There was an agreement among Vasquez, Maliarakis and Glass wherein Vasquez was to receive 33.33% of any attorney fees awarded to plaintiff, whether by judgment or settlement, in consideration of his representation of the plaintiff as trial counsel and the preparation of the case for trial.

Apparently, the agreement had not been reduced to a writing. However, Glass and Maliarakis submitted to the Court, during settlement negotiations, a billing summary which included billing in the amount of $37,450.00 from the representation of Vasquez which is approximately 30.88 % of the total billing of $121,100.00 claimed by Glass and Maliarakis.

Mr. Glass and Mr. Maliarakis prepared a settlement memo and related documents wherein they represented to the court the amount of attorney fees, themselves.  Attached as Exhibit B is a copy of the email sent by Mr. Glass, including attachments: Memo of Settlement, damages, articles about a Department of Education staff member and the billing statement

prepared by Glass and Maliarakis which sets forth the billing hours of the attorneys, working on.the matter for a total amount of $121,100.00 of which Vasquez's billing was a total of $37,450.00 amounting to 30.88% of the billable hours presented to the Court by Glass.

The billing hours of Vasquez represented 30.88% of the total fees which aligns with the agreement that Vasquez states he had with both Glass and Maliarakis that he would receive 33 1/3 % of the attorney fees awarded.

Again, Vasquez was retained by both Maliarakis and Glass on or about April 15, 2015. The representation included but was not limited to several meetings with the client; review of the file; reading and making notes from deposition transcripts; preparation of witnesses for trial.

As stated in the declaration of Vasquez, Maliarakis and Glass had confidence in the ability of Vasquez, as a litigator, to aggressively prosecute an action at trial among other unique abilities which were attributed to Vasquez.

## ARGUMENT

Generally, when there is a dispute regarding attorney fees, the courts will apply the following analysis in order to resolve such disputes:

> 'To determine an award of attorneys' fees, a court begins with the "presumptively reasonable fee" generally referred to as the "lodestar." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183, 189–90 (2d Cir. 2007); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010) ("[T]here is a 'strong presumption' that the lodestar figure is reasonable . . . ."). The "lodestar" is calculated by multiplying "the reasonable hours expended . . . by a reasonable hourly rate." *Kroshnyi v.*

*U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 108 (2d Cir. 2014). "The party seeking the award has the burden of submitting evidence supporting the hours worked and rates charged." *S.W. ex rel. N.W. v. Bd. of Educ. of City of New York (Dist. Two)*, 257 F. Supp. 2d 600, 603 (S.D.N.Y. 2003) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)), *aff'd and remanded sub nom. A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65 (2d Cir. 2005). Hours that are "excessive, redundant, or otherwise unnecessary" should be excluded. *Hensley*, 461 U.S. at 434. The court, in its discretion, may make a reasonable determination of any percentage that should be deducted. *See Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). See *Mahan v. Roc Nation, LLC*, No. 14 Civ. 5075, 2015 WL 1782095

In the instant case, it is attorney, Glass, himself, who prepared a billing account as an offer of proof to the Court in support of his application for an award of attorney fees. Such billing statement which is attached hereto as Exhibit B clearly shows that Vasquez is entitled to $37,450.00 of the total attorney fees awarded. Again, this is by the attorney billing statement prepared by, attorney, Glass. The parties ultimately agreed to an award of $65,000.00 in attorney fees. This agreement was based on the representation of Glass to the Court of the work hours performed by attorney Vasquez.

Additionally, aside from the billing statement, the parties had agreed to a Vasquez receiving 33.33 % share of any attorney fees that would be awarded in consideration of attorney Vasquez being retained as trial counsel.

If there had been no award of fees to the plaintiff, Vasquez would have been paid nothing for his efforts. This was the agreement among the parties aside from the billing hours that were submitted to the Court by Glass during the settlement negotiations.

Glass, himself, sought the very fees and costs from the defendant based on his own representations to the Court as to the fees of Vasquez which are exactly in line with lodestar and which were never paid to Vasquez.:

These hourly rates which are comparable to the rates of similarly situated legal professionals -- are reasonable. *See Regulatory Fundamentals Grp. LLC v. Governance Risk Mgmt. Compliance, LLC*, No. 13 Civ. 2493, 2014 WL 4792082, at *2 (S.D.N.Y. Sept. 24, 2014) ("In recent years, New York district courts have approved rates for experienced law firm partners in the range of $500 to $800 per hour.")

The billing statement of Glass indicated that Vasquez earned $37,450 of the fees which is 30.88 % and in accord with his agreement with both Glass and Maliarakis to receive 33.33%. There should be no doubt that Vasquez is entitled to at least $37,450.00.

**WHEREFORE,** based on the foregoing, Vasquez is entitled to fees and costs totaling no less than $37,450.00.

Dated: Queens, NY
December 2, 2018

/s/_____
*Jorge A. Vasquez*, Esq.
JORGE VASQUEZ'S NEW YORK LITIGATORS INC.
84-08 Queens Blvd.
Queens, NY 11373
212-899-9998