**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PETER MALIARAKIS,

                Plaintiff,

-against-

NEW YORK CITY DEPARTMENT
OF EDUCATION, NAMITA
DWARKA AND GUY YACOVONE,

                Defendants.

**DECLARATION OF BRYAN D. GLASS IN OPPOSITION TO JORGE VASQUEZ'S MOTION FOR ATTORNEYS' FEES AND FOR AN ASSESSMENT OF ATTORNEYS' FEES AGAINST MR. VASQUEZ**

14 Civ. 6088 (RA)(JCF)

---

**BRYAN GLASS, ESQ.**, declares pursuant to 28 U.S.C. Section 1746, that the following is true and correct:

1. I write in response to the "motion for attorneys' fees" submitted by attorney Jorge Vasquez, in which I received an ECF bounce via email on December 5, 2018, in this long closed case.

2. I have read Plaintiff Peter Maliarakis's affidavit, attached hereto, and believe it to be true and accurate based on my own personal knowledge and my conversations with my client Mr. Maliarakis during the course of this federal civil rights action, which resolved by a voluntary settlement agreement in December 2015.

3. In contrast, Mr. Vasquez's motion papers are full of false representations, and a continuing further effort to harass me and Mr. Maliarakis without a good faith basis. Based on the facts below, I respectfully request the Court to deny and/or reject Mr. Vasquez's motion in its entirety, and consider a sanction and cease and desist order against Mr. Vasquez for his unethical behavior in this matter.

1

4. In January 2018, Mr. Vasquez commenced an action in Supreme Court, Westchester County against me and Plaintiff by filing a Summons and Notice under Index No. 50678/18, alleging conversion, unjust enrichment, breach of contract, and fraud, and claiming $65,000 with interest. When I responded by demanding a complaint from Mr. Vasquez within 30 days, Mr. Vasquez never responded by filing any such complaint. I never heard another word from Mr. Vasquez about the matter until I received a Notice of Discontinuance alert about the matter on December 3, 2018, almost a year later, a copy which is attached. It appears that Mr. Vasquez initiated the Notice of Discontinuance and not the court, and he could not validly do so pursuant to CPLR 3217 as a responsive pleading was already served in that action.

5. The Court should not entertain Mr. Vasquez's renewed bad faith application for several reasons in a second forum here.

6. First, the doctrines of res judicata and collateral estoppel preclude him from litigating the same issue again in a different forum.

7. Second, the fact is that neither myself nor Mr. Maliarakis ever had any written or oral agreement with Mr. Vasquez at any time, and his attempt to claim that the Court "awarded" any attorneys' fees in the matter is a complete fabrication. Mr. Maliarakis and I successfully negotiated a voluntary settlement agreement with the City of New York with the able assistance of Magistrate Judge Francis at a settlement conference. Mr. Vasquez never had any contract with me or (to my knowledge) my client for any share of this settlement or its proceeds.

8. Mr. Maliarakis and I had entered into a written retainer agreement in which my firm would be entitled to 1/3 of the proceeds of any settlement less any attorneys' fees he had paid me to date. Once I received the settlement proceeds in a lump sum settlement check jointly payable to my firm and Mr. Maliarakis from the City Comptroller's office, I distributed the proceeds in accordance with the written retainer agreement executed by me and Mr. Maliarakis.

9. Third, the Court appears to lack federal jurisdiction over this matter as neither myself nor Mr. Vasquez are parties to this action. The federal case has been closed for several years and Mr. Vasquez tries to recast this now as a "fee dispute" between me and himself, which does not provide a basis for federal jurisdiction. As Mr. Vasquez himself acknowledges in his papers, he never had any written contract for a share of any of the settlement proceeds.

10. Fourth, Mr. Vasquez's application should be barred by the statute of limitations and or laches as the settlement agreement was finalized in December 2015 and the proceeds have long been disbursed several years ago. If he genuinely believed he was entitled to any of the settlement proceeds, why did he not raise this issue in 2015 when the settlement was consummated, but only three years after?

11. Fifth, Mr. Vasquez seeks to self-designate himself as trial counsel in this action. The fact is that this case was never scheduled for trial and the case was settled at a settlement conference pretrial before the need for any such "trial counsel".

12. Sixth, the fact that Mr. Vasquez keeps changing the attorneys' fees amount he is claiming exposes the utter lack of basis for his claim. First, he claimed $65,000 in the state court action. Next, his office sent me a letter on October 2, 2018, demanding $20,150, a copy of which is attached hereto. Now, he has filed a new motion demanding $37,450 in attorneys' fees allegedly due to him, all without any evidence of a written or oral agreement to rely upon.

13. The Court should consider awarding a judgment and reasonable attorneys' fees *against* Mr. Vasquez for his deceptive business practices pursuant to New York State General Business Law Section 349(h). Mr. Vasquez has caused me and my law firm hours of lost productivity and emotional distress caused by having to defend against frivolous claims in multiple forums, and it is respectfully requested that a significant deterrent be issued against Mr. Vasquez for his vexatious conduct. A judgment against Mr. Vasquez in excess of $5,000 would not be unreasonable given the attorney time and research incurred by my firm in defending against Mr. Vasquez's assertions in his multiple filed matters.

14. For the foregoing reasons, it is respectfully requested that the Court issue an order denying or rejecting Mr. Vasquez's motion in its entirety, with costs, and further order Mr. Vasquez to cease and desist from continuing to harass me and my firm.

Dated: New York, New York
December 12, 2018

Respectfully submitted,

BRYAN D. GLASS, ESQ.