```
UNITED STATES DISTRICT COURT:
SOUTHERN DISTRICT OF NEW YORK                    Docket No. 14 CV 6088
-----------------------------------------------------------X
PETER MALIARAKIS
                    Plaintiff                    AFFIDAVIT OF ATTORNEY
                                                 JORGE A. VASQUEZ
        VS.

NEW YORK CITY DEPT. OF EDUCATION et al

                    Defendants

-----------------------------------------------------------
```

JORGE VASQUEZ, an attorney duly licensed to practice law before the Courts of the State of New York and admitted to the Southern District of New York affirms the following under penalties of perjury:

1. I am the movant in the within matter. I appeared in the within underlying matter as trial counsel representing Plaintiff, Peter Maliarakis, hereinafter "Maliarakis". See Exhibit A- Transcript pg. 2).

2. I submit this affirmation in support of the motion seeking to enforce my share of an award of attorney fees in connection to my representation of defendant, Maliarakis, as trial counsel. I have attempted, in good faith, to resolve the within dispute, to no avail.

3. In April 2015, I was retained by Bryan Glass Esq., hereinafter "Glass" who was the attorney of record for plaintiff, Maliarakis and Maliarakis, himself, to prepare for trial and serve as trial counsel on a matter in the United States District Court: Southern District of New York

entitled "Peter Maliarakis vs. New York City Dept. of Education et al". The underlying matter arises from certain claims of Maliarakis relating to his employment with the Board of Ed.

4. The matter, under the direct supervision of the Court, was settled on November 17th, 2015, where the attorney fees were awarded to plaintiff, by settlement, in the amount of $65,000.00. Attached as Exhibit A is copy of the transcript, indicating same on page 2.

5. There was an agreement among myself, Maliarakis and Glass where I was to receive 33.33% of any attorney fees awarded to plaintiff whether by judgment or settlement.

6. While said agreement was not reduced to a writing, Glass and Maliarakis submitted to the Court, during settlement negotiations, a billing summary which included billing in the amount of $37,450.00 reflecting my representation which is approximately 30.88% of the total billing of $121,100.00 claimed by Glass and Maliarakis.

7. Mr. Glass and Mr. Maliarakis prepared a settlement memo and related documents in which they are effectively stating what my attorney fees are, themselves. Attached as Exhibit B is a copy the email sent by Mr. Glass, included attachments: Memo of Settlement, damages, articles about a Department of Education Staff member and the billing statement prepared by Glass and Maliarakis which sets forth the billing hours of the attorneys, working on the matter for a total amount of $121,100.00 of which my billing was a total of $37,450.00 amounting to 30.88% of the billable hours presented to the Courts by Glass.

8. My billing hours represented 30.88% of the total fees which aligns with the agreement that I had with both Glass and Maliarakis that I would receive 33 1/3% of the attorney fees awarded.

9. I do not have actual knowledge of the arrangement between Glass and Maliarakis with respect to the remaining 2/3 of the award of the attorney fees but information and belief Maliarakis and Glass split the money between themselves with complete disregard to the settlement agreement entered.

10. Again, I was retained by both Maliarakis and Glass on or about April 15th, 2015 to represent Maliarakis as trial counsel. The representation included several meetings with the client; review of the file, reading and making notes from deposition transcripts and preparation of witnesses for trial.

11. As the court is aware, trial preparation can be intense in cases involving whistle blower causes of action and where trial counsel has to get up to speed on the particulars of the case.

12. Maliarakis and Glass retained me because they had confidence in my ability as a litigator to aggressively prosecute an action at trial. I possessed unique abilities and information that could not be found elsewhere. I personally went to William Cullen Bryant High school and had many personal interactions with the school staff that were involved with the litigation and knew and understood a lot of the background information that would be necessary to be able to litigate and tailor questions in preparation for examinations at trial

and off the cuff questions to illicit the necessary information to prove Mr. Maliarakis' case. I possessed the unique ability of knowing each of the potential witnesses' behaviors, tells and habits that no other attorney would be able to recognize.

13. I expected to be paid my 33% of the total award for attorney fees award but I have never received any compensation, whatsoever.

14. Neither of them objected to my attorney fees which is self-evident in the email that outlined the issues for the settlement conference. They had no issue with me being at the conference and specifically Mr. Glass stated that he was happy I was there because he never had a Department of Education case settle at this high of an amount.

WHEREFORE, based on the foregoing, movant respectfully seeks an Order directing that his fee be set at $37,450.00 and that Vasquez collect such amount from attorney Glass and/or Maliarakis together with fees and costs and/or to set the matter for a hearing to determine the proper award of attorney fees to Vasquez.

Dated: Queens, NY
December 2, 2018

/s/ _____
JORGE VASQUEZ
JORGE VASQUEZ'S
NEW YORK LITIGATOR'S INC.
84-08 Queens Blvd.
Elmhurst, NY 11373
212-899-9998