UNITED STATES DISTRICT COURT:
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x    DOCKET # 14 CV 6088

PETER MALIARAKIS

VS.                                                                                REPLY

NEW YORK CITY DEPT. OF EDUCATION
et al.
-----------------------------------------------------------x

JORGE VASQUEZ, an attorney duly licensed to practice law before the Courts of the State of New York and admitted to the Southern District of New York affirms the following under penalties of perjury:

1. I am the movant in the within matter.
2. I submit this affirmation in reply of the both Mr. Maliarakis and Mr. Glass' opposition.
3. I repeat and reallege every statement made under the original moving papers.
4. I am asking the court not just to believe my moving papers but to believe Mr. Maliarkis and Mr. Glass' representations and communications which are in direct contradiction to their affirmation and affidavit.
5. On November 12, 2015 Mr. Maliarakis sent me the documents for review via email(See exhibit 1) which were the same that were provided by Mr. Glass in an email shown in document 29-2 of this instant case.
6. The contents of those emails show that they both had no objections to my attorney fees and had their own accounting of what they were.
7. No objection was made by them, in fact Mr. Maliarakis is the one that created the documents on his macintosh computer as shown in the properties of the file itself which can be seen in the second page of exhibit 1.
8. Mr. Maliarakis and Mr. Glass represented to the court that these were the attorney fees accrued. You don't have to believe me. Believe their own words and representations in 2015.
9. Even their representations that they never heard of my disputes or requests for attorney fees are an outright lie. Mr. Glass was pushing Mr. Maliarkis to accept $50,000.00 as a settlement and has never at that point ever settled anything over

$75,000.00 by his own admission. Mr. Maliarakis even agrees with this notion in his text message to me. He also states that he saw me as more than just an attorney. (See exhibit 2)

10. Mr. Maliarakis and I even began exchanging emails on November 17, 2015 with regards what to do post settlement. We further discussed when I was getting paid via phone and that's when Mr. Maliarakis began to have a problem. Mr. Maliarakis even begins to make counter offers in an email dated November 17, 2015 after his discussions with Mr. Glass(See exhibit 3). It is very telling that both Mr. Maliarakis and Mr Glass would represent to the court the amount of hours I worked on the case and in an email begin to refute that any of it is true to begin with. Either they were providing false representations to the court then or they are doing it now. Either way Mr. Glass is violating ethical rules and both Mr. Glass and Mr. Maliarakis are being disingenuous. How could both Mr. Maliarakis and Mr. Glass with a straight face submit to the court that my billable fees prior to the settlement conference was $37,450.00 and then say it's fair for me to take $5000.00 after they are done with my services? They are either committing fraud then or they are defrauding the court now.

11. I also sent a followup email in 2016 ( See exhibit 4). An email that they completely ignored. This is not the first time they heard about my fees since the day of the settlement.

12. Mr. Glass' disingenuousness goes beyond even those representations and continues with his representation that his firm has expended hours of lost productivity and emotional distress. He makes this demand without a single citation of law but asks for damages for the legal research he has done. He states he is undergoing emotional distress without any showing beyond his conclusory allegations. Nothing in his papers warrants any awards to him or Mr. Maliarakis for fees in defense of this motion especially because these claims are anything but frivolous and backed by documentary evidence of both Mr. Glass' and Mr. Maliarakis' own admissions. If anything I should be awarded attorney fees and Mr. Glass and Mr. Maliarakis should be sanctioned for defrauding the court either in 2015 or in 2018 as the court selects.

13. With regards to both Maliarakis' and Mr. Glass' representation that I have engaged in

what ripoff report has indicated, I submit the scam that is well documented which is itself ripoff report. I have attached a Wikipedia description of the racket that they run. (exhibit 5) In fact I did not have a ripoff report against me until the same night ,almost at midnight, I created an online listing for the firm. Then the very next day was inundated with emails to fix my reputation. Notwithstanding that I have reason to believe that it was Mr. Maliarakis himself to upload the complaint considering the timing and also an email that he sent me that described the same exact scam the report was citing. See exhibit 6.

Wherefore, based on the foregoing, movant is entitled to fees and costs totaling no less than $37,400 or to set the matter for a hearing to determine the proper award of attorney fees to Vasquez.

Dated: Queens, NY
December 31, 2018

JORGE VASQUEZ