USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 5/28/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PETER MALIARAKIS,

        Plaintiff,

v.

NEW YORK CITY DEPARTMENT OF
EDUCATION, et al.,

        Defendants.

No. 14-CV-6088 (RA)

MEMORANDUM OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Plaintiff Peter Maliarakis, a former employee of the New York City Department of Education ("DOE"), brought this action under 42 U.S.C. § 1983 against the DOE and several school administrators alleging, *inter alia*, First Amendment retaliation. In November of 2015, the parties entered into a settlement agreement and the case was closed. More than three years later, on January 28, 2019, Jorge Vasquez—who is not an attorney of record in this case—filed the instant "motion to enforce attorney fees." For the reasons that follow, the motion is dismissed for lack of jurisdiction.

## BACKGROUND

Maliarakis filed the complaint in this action on August 5, 2014. On November 17, 2015, in a settlement conference before Magistrate Judge Francis, the parties reached a settlement agreement, the terms of which were read into the record. *See* Dkt. 27. Among other things, the DOE agreed to "pay Plaintiff $65,000 in attorney's fees." Dkt. 27 at 2. Bryan Glass, the attorney of record for Maliarakis, appeared on Maliarakis's behalf at the settlement conference. In addition,

Jorge Vasquez introduced himself at the conference as "trial counsel for Peter Maliarakis." Dkt. 27 at 2.

The following day, November 18, 2015, the Court issued an order that stated as follows:

> It has been reported to the Court that this case has been settled. Accordingly, it is hereby: ORDERED that the above-captioned action is discontinued without costs to any party and without prejudice to restoring the action to this Court's docket if the application to restore the action is made within thirty (30) days. If the parties seek to have the Court retain jurisdiction to enforce a settlement agreement, the terms of the agreement must be placed on the public record before the dismissal is finalized.

Dkt. 26. Pursuant to that order, the case was closed. The parties neither sought to reopen the case nor to have the Court retain jurisdiction to enforce the settlement agreement.

No further activity occurred on the docket for more than three years, until the filing of the instant motion by Vasquez. In it, Vasquez asserts that he is entitled to $37,450 in attorney's fees. He claims that he was retained by Glass and Maliarakis to assist with trial preparation in this matter and that, pursuant to the terms of an oral agreement between the three of them, he is entitled to a portion of the attorney's fees provided for in the settlement agreement with the DOE. In support of his motion, Vasquez submits billing records purportedly prepared by Glass in advance of the settlement conference before Judge Francis, which indicate that Vasquez billed approximately 65 hours of work on this matter between April and November of 2015.

Glass and Maliarakis each submitted affidavits in opposition to Vasquez's motion. In their affidavits, they maintain that they never had any agreement with Vasquez to split attorney's fees. Maliarakis asserts that he was introduced to Vasquez through a mutual friend and that Vasquez—who was an alumnus of the school where Maliarakis had been employed—offered to help him on the case. Maliarakis states that he understood Vasquez's assistance to be *pro bono*, and that he further understood that Vasquez would be entitled to attorney's fees only if the case went to trial.

## DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "[A]ny party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory." *Manway Contsr. Co., Inc. v. Housing Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983).

Jurisdiction to adjudicate the original dispute in this case was pursuant to 28 U.S.C. § 1331, since Maliarakis asserted claims against the DOE arising under federal law. The present dispute involving Vasquez, however, has no independent basis for federal jurisdiction, apart from the Court's jurisdiction over the original dispute. Vasquez seeks to enforce an alleged oral agreement that he claims entitles him to $37,450 of the settlement amount paid to Maliarakis by the DOE. His claim neither satisfies the requirements for diversity jurisdiction, *see* 28 U.S.C. § 1332 (requiring diverse parties and an amount in controversy exceeding $75,000), nor arises under federal law, *see* 28 U.S.C. § 1331. Accordingly, the Court has no independent basis for exercising federal subject matter jurisdiction over the present dispute.

Nor would the exercise of the Court's ancillary jurisdiction be appropriate here. The doctrine of ancillary jurisdiction "recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Kokkonen*, 511 U.S. at 378. Ancillary jurisdiction is generally asserted "for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees."

3

*Id.* at 379–80 (internal citations omitted). Ancillary jurisdiction may thus be asserted, for example, when the resolution of a fee dispute is necessary to effectuate disbursement of a settlement award. *Grimes v. Chrysler Motors Corp.*, 565 F.2d 841, 844 (2d Cir. 1977) ("[J]urisdiction over the distribution of the settlement funds can be sustained as ancillary to jurisdiction over the claim itself."); *Woodbury v. Andrew Jergens Co.*, 69 F.2d 49, 50 (2d Cir. 1934) (Hand, J.) (holding that ancillary jurisdiction existed over a fee dispute where the attorney of record had a charging lien that "made it impossible finally to dispose of the suit without his consent"). Similarly, ancillary jurisdiction over a fee dispute may be appropriate when the dispute "relates to the main action," such that the court's familiarity with the subject matter, its responsibility to protect its officers, the convenience of the parties, and judicial economy support the exercise of jurisdiction. *Levitt v. Brooks*, 669 F.3d 100, 103–04 (2d Cir. 2012) (citing *Cluett, Peabody & Co., Inc. v. CPC Acquisition Co., Inc.*, 863 F.2d 251, 256 (2d Cir. 1988)); *Pasqualini v. Mortgageit Inc.*, No. 05-CV-9714 (LAP), 2010 WL 3001971, at *1 (S.D.N.Y. July 19, 2010) (finding that the exercise of jurisdiction over a fee dispute following a settlement "would serve the purposes of judicial economy and convenience," and was appropriate given that the court was "most familiar with the course of the underlying litigation").

None of these circumstances is present here. This case was settled more than three years ago after a single settlement conference and minimal involvement from the Court. No party suggests that the DOE's payment of the settlement funds to Maliarakis is dependent upon, or has been delayed by, the present dispute concerning attorney's fees. In fact, the present dispute would appear to have no impact on the outcome of the underlying case, which involved different parties and has long since been resolved. Neither judicial economy nor considerations of fairness and convenience would be furthered by the Court's resolution of this dispute. And to the extent that

4

Vasquez's motion seeks enforcement of the settlement agreement in the underlying action, the Court no longer has jurisdiction to enforce it. *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (requiring a district court's order of dismissal to either "expressly retain jurisdiction over the settlement agreement" or "incorporate the terms of the settlement agreement in the order" in order for the court to retain jurisdiction to hear a motion to enforce a settlement agreement). Since assertion of the Court's ancillary jurisdiction over this dispute would thus be unwarranted, and there is no independent basis for the Court to exercise jurisdiction over the controversy, the matter is dismissed. *See Taylor v. Kelsey*, 666 F.2d 53, 54 (4th Cir. 1981) (finding "no basis for ancillary jurisdiction" over a fee dispute which bore no relationship to the underlying action, where the district court had no "control of the funds in controversy, and [] neither judicial economy nor fairness militated in favor of federal jurisdiction"); *Guallpa v. NY Pro Signs Inc.*, No. 11-CV-3133 (PKC), 2012 WL 1197178, at *1 (S.D.N.Y. April 5, 2012) (declining to exercise ancillary jurisdiction over a fee dispute where "there would be little judicial economy because the court has little familiarity with the [a]ttorneys' work").

## CONCLUSION

For the foregoing reason's, Vasquez's motion to enforce attorney's fees is dismissed. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 31.

SO ORDERED.

Dated: May 28, 2019
New York, New York

Ronnie Abrams
United States District Judge

5